**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 1:12CR176-1 |
| | ) | |
| JOHN WOMACK, JR. | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| & | ) | |
| | ) | |
| NEW YORK LIFE INSURANCE CO. | ) | |
| | ) | |
| Garnishee. | ) | |

**MEMORANDUM OPINION AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the Court on Defendant's Motion for Hearing in connection with a Writ of Continuing Garnishment. (Docket Entry 32.) For the reasons that follow, the Court should deny Defendant's instant Motion.

BACKGROUND

Defendant pleaded guilty in this Court to one count of Mail Fraud and one count of False Statements and False Entries. (See Docket Entry 10; Docket Entry dated June 8, 2012.) The Court sentenced Defendant to serve 41 months imprisonment and 3 years supervised release, as well as to pay a special assessment in the amount of $200 and restitution in the amount of $557,718. (Docket Entry 13 at 2-5.) For the period of supervised release, the Court imposed a payment schedule that requires Defendant to make "[p]ayment in equal monthly installments of $1,000.00, to commence

60 days after release from imprisonment to a term of supervision." (Id. at 6.)  The Court also clarified that, "[u]nless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment." (Id.)  The Court further "recommend[ed] [that] [Defendant] participate in the Inmate Financial Responsibility Program." (Id.)

According to the United States, Defendant has paid the special assessment, but the entire restitution amount remains outstanding. (See Docket Entry 36 at 2.)  The United States applied for a Writ of Continuing Garnishment (Docket Entry 24), which the Court issued on March 11, 2013.  (Docket Entry 25).  On March 29, 2013, Garnishee filed its Answer which indicated it did not possess or anticipate possession of Defendant's property.  (Docket Entry 31 at 1-3.)  On April 1, 2013, Defendant requested a hearing (Docket Entry 32), asserting that, "reading the Court's order regarding the schedule of payments, it is clear that the government's motion to garnish is simply not in accordance with such order" (Docket Entry 33 at 2).  Garnishee subsequently filed a Second Answer, on April 12, 2013, detailing retirement income, life insurance, and commissions in which Defendant has an interest.  (Docket Entry 35 at 2-4.)  Subsequently, the United States responded to Defendant's Motion for Hearing (Docket Entry 36) and Defendant replied (Docket Entry 37).

DISCUSSION

"Orders for restitution may be enforced by the United States in the same manner as a judgment imposing a fine." United States v. Wilson, No. 1:03CR407-3, 2014 WL 297676, at *1 (M.D.N.C. Jan. 27, 2014) (unpublished) (Webster, M.J.) (citing 18 U.S.C. § 3664(m)(1)(A)(i)), recommendation adopted, slip op. (M.D.N.C. Mar. 25, 2014) (Beaty, J.). "The United States may enforce [such] a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a). In that regard, the Federal Debt Collection Procedures Act (FDCPA) permits "[a] court [to] issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. 3205(a). Under the FDCPA, a garnishee must file an Answer describing any property subject to garnishment. 28 U.S.C. § 3205(c)(4). "In addition, [the FDCPA] states that a defendant subject to garnishment may request a hearing regarding objections raised against a garnishee's answer." United States v. Jenkins, No. 3:05CR244, 2014 WL 202007, at *3 (E.D. Va. Jan. 17, 2014) (unpublished) (citing 28 U.S.C. § 3205(c)(5)).

"Once the Writ of Continuing Garnishment has been issued, a debtor may claim exemptions but there is no specific statutory procedure for objecting to the Writ itself." Wilson, 2014 WL 297676, at *1. Although the debtor may request a hearing to quash a writ of garnishment, "the issues at such a hearing are limited to the validity of any claim of exemption and the government's compliance with FDCPA's statutory requirements." United States v. Pugh, 75 F. App'x 546, 547 (8th Cir. 2003) (citing 28 U.S.C. § 3202(d)); see also United States v. Lawrence, 538 F. Supp. 2d 1188, 1194 (D.S.D. 2008) ("If Congress wanted to allow for the equities present in each case to be delved into at a § 3202(d) hearing, then it most assuredly would have said so and expanded the scope of the statute accordingly.").[1] Where a debtor does not raise one of these two types of objections, district courts in this Circuit have denied such requests for a hearing. See, e.g., Wilson, 2014 WL 297676, at *1; United States v. Otter, No. 2:09CR25, 2011 WL 1843191, at *2 (W.D.N.C. May 16, 2011) (unpublished).

Defendant's instant Motion appears to seek a hearing to quash a writ of garnishment pursuant to 28 U.S.C. 3202(d) because it challenges the fact of garnishment itself. However, the instant

---

[1] A hearing pursuant to 28 U.S.C. § 3202(d) to quash a writ of garnishment is distinct from a hearing pursuant to 28 U.S.C. § 3205(c)(5), in which a debtor may challenge the information provided by a garnishee. See generally United States v. Jenkins, No. 3:05CR244, 2014 WL 202007, at *2-3 (E.D. Va. Jan. 17, 2014) (unpublished).

4

Motion does not allege that the Writ of Continuing Garnishment violates the procedures of the FDCPA, nor does the instant Motion claim that any such property qualifies as exempt from garnishment. (See Docket Entry 33 at 1-2; Docket Entry 37 at 1-6.) Rather, Defendant principally contends that this Court's prior Order requiring "that the balance due be paid in 'equal monthly installments of $1,000.00, to commence 60 days <u>after release</u> from imprisonment,'" prevents the United States from garnishing any of Defendant's income while he remains incarcerated. (Docket Entry 33 at 1 (quoting Docket Entry 13 at 6 (Judgment as to Defendant).) However, "the existence of [a court-imposed payment] schedule does not mean that the government is precluded from pursuing other avenues of ensuring that [D]efendant's restitution obligation is satisfied. Court-imposed payment schedules are merely one means available to enforce a restitution judgment." <u>United States v. James</u>, 312 F. Supp. 2d 806, 806-07 (E.D. Va. 2004) (internal footnote omitted); <u>see also</u> <u>United States v. Walker</u>, 353 F.3d 130, 133 (2d Cir. 2003) ("The significance of [a court-imposed payment] schedule is diminished [] by the fact that the victim may convert the restitution order into an abstract of judgment for the full amount of the restitution order . . . ."); <u>United States v. Hanhardt</u>, 353 F. Supp. 2d 957, 960 (N.D. Ill. 2004) ("[A court's]

5

order [setting forth a payment schedule] should not be construed as permission for [Defendant] to avoid paying restitution until his sentence of incarceration is complete.").

In addition, Defendant cites to a recent Fourth Circuit case for the proposition that, "[w]hat the government proposes in its filing here acts to upset [the] process [of establishing a payment schedule] and responsibility of the District Court." (Docket Entry 37 at 4 (citing United States v. Leftwich, 628 F.3d 665 (4th Cir. 2010)).)  In that case, the Fourth Circuit vacated the district court's restitution order, among other reasons, for failure "to make factual findings keying the payment schedule to [the statutory] factors and demonstrating the feasibility of the schedule."  Leftwich, 628 F. 3d at 668.  However, the Fourth Circuit did not state that the mere existence of such a payment schedule prevents the United States from collecting restitution sooner than the schedule indicates.  See id. at 667-69.

As a final matter, Defendant's Reply challenges the accuracy of the information supplied by Garnishee concerning Defendant's income.  (See Docket Entry 37 at 3.)  In that regard, Defendant argues that Garnishee over-reported his income, so "there is hardly sufficient income here to make a significant dent in the total restitution amount. . . . [and] simple arithmetic indicates that the government's proposed restitution payments would be in the neighborhood of $525 per month, less than what the Court has

ordered to be paid upon the Defendant's release." (Id.) However, as discussed above, the United States may collect restitution while Defendant remains incarcerated and subsequent to his release. Thus, Defendant's contention that the government will impede its ability to collect funds later by collecting them now lacks any persuasive force. Nonetheless, to the extent that Defendant's discussion of Garnishee's Second Answer in his Reply represents an objection and a request for a hearing made pursuant to 28 U.S.C. § 3205(c)(5), the Court should not grant such a hearing because Defendant did not file within 23 days of receipt of the Second Answer, as required by that statute and the Federal Rules, Jenkins, 2014 WL 202007, at *3 (citing 28 U.S.C. § 3205(c)(5); Fed. R. Civ. P. 5(b)(2)(C); Fed. R. Crim. P. 45(c)). (Compare Docket Entry 35, with Docket Entry 37 at 6 (indicating that Defendant mailed his Reply 26 days after Garnishee served its Second Answer).)

## CONCLUSION

Defendant has raised no valid objection to the Writ of Continuing Garnishment and thus has shown no entitlement to a hearing.

**IT IS THEREFORE RECOMMENDED** that Defendant's Motion for Hearing (Docket Entry 32) be **DENIED**.

                                        /s/ L. Patrick Auld
                                          **L. Patrick Auld**
                                **United States Magistrate Judge**

April 30, 2014